WM. CANNON *et al. v.* GEORGE W. OVERSTREET.

1. TRESPASS. *Exemplary damages. Evidence. Practice.* In an action of damages for a trespass the defendant pleaded not guilty, on which there was issue, and justification under legal process. The plea of justification was properly demurred to.
2. SAME. *Same. Same.* The defendant was allowed to prove his good will toward the plaintiff.
   *Held,* such testimony is admissible in *mitigation* only of damages.

FROM OVERTON.

Appeal from the Circuit Court. W. W. GOOD-PASTURE, Judge.

A. CULLOM for Cannon.

J. P. MURRY and J. D. GOODPASTURE for Overstreet.

DEADERICK, J., delivered the opinion of the Court.

Overstreet commenced this action of trespass in the Circuit Court of Overton County, against Cannon, Maxfield and Hammonds. Defendants pleaded not guilty, on which there was issue, and justification under legal process. The plea of justification was demurred to, and the demurrer thereto was properly sustained.

Plaintiff's witnesses proved that the defendants came to the house of Overstreet, Cannon declaring their purpose to be to confiscate Overstreet's property, and showed what purported to be a process for that purpose, issued by W. E. B. Jones. He had summoned the other defendants to accompany and assist him in the execution of the process. No violence was resorted to, no threats made, and no property taken or disturbed. They took an inventory of the property, and then took Overstreet's wife's bond that the property should not be removed, one of the defendants becoming her surety in the bond.

It is shown that Overstreet was absent, and that his wife was delivered of a child that morning, of which, however, defendants had no knowledge until they had reached near the house. Mrs. Overstreet was excited, but suffered no injury. All the witnesses prove that defendants acted kindly and gentlemanly, and did nothing to produce alarm or disturbance, claiming only to be doing their duty under process in their hands.

Defendants introduced W. E. B. Jones, who testified that he was the agent of S. R. Cockrill, the Confiscating Receiver for Middle Tennessee; that Cannon was a deputy Marshall, and had been so acting several months; that he delivered the confiscation process, received from the Confederate Court at Nashville, to Cannon, who at first refused to receive it, but afterwards consented, upon the ground that it was

30—vol. 2.

his duty to do so; that no property was taken on the process, and no action taken on the bond.

All this evidence was objected to by plaintiff, and excluded by the Court. Jones was allowed to prove that Cannon was very friendly in his feelings towards Overstreet.

The jury found a verdict for $5,000 against defendants, and on the motion for a new trial, the Judge said he would grant a new trial unless the plaintiff would remit $4,000 of the recovery, which was done, and thereupon the jury was discharged and judgment rendered for $1,000, from which defendants have appealed in error to this Court.

We are of opinion that in mitigation of damages, the testimony of Jones was admissible.

The Court had charged the jury that if the jury were satisfied that the defendants acted without malice, force or oppression, they should give the actual damage or pecuniary loss sustained; but if they acted through malice or ill-will towards plaintiff, or used force or oppression, they might give exemplary damages. The evidence rejected tended to disprove the existence of malice.

While this evidence, in the state of the pleadings, was not admissible in justification of the trespass, it was competent, and should have been admitted upon the question of damages.

For the error in rejecting this testimony, the judgment is reversed.